UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Bankr. Case No.: 10-58136

Christopher Lawrence Hayes,

     Debtor,

_____/

Internal Revenue Service,                       Case No. 10-14938/10-14952
Department of Treasury

                                Honorable Sean F. Cox
     Appellants,                           United States District Judge

v.

Christopher Lawrence Hayes

     Appellee/Debtor.

_____/

OPINION & ORDER

Defendant/Debtor Christopher L. Hayes filed for Chapter 7 bankruptcy on June 2, 2010.

On August 31, 2010, Christopher Hayes filed an adversary proceeding with the bankruptcy court

asserting that he is not responsible for debts owed to the Internal Revenue Service by his

landscaping company, PC Landscape Services. The bankruptcy court granted a discharge of

Christopher Hayes' debts and denied the Government's motion to dismiss the adversary

proceeding. The Government subsequently filed this suit (Case No. 10-14938) pursuant to 26

U.S.C. § 7401, in order to reduce to judgment the unpaid tax liabilities of Christopher L. Hayes

and Paul G. Hayes (together, "Defendants"). In that action, there are multiple motions currently

before the Court. In a separate action (Case No. 10-14952), the Government also seeks leave to

1

file an interlocutory appeal of the bankruptcy court's order denying the Government's motion to
dismiss the adversary proceeding.  The parties have fully briefed the issues and the Court heard
oral argument on June 2, 2011.  For the reasons set forth below, the Court shall:

- Deny the United States Motion for Leave to Appeal Bankruptcy Court's Order Denying Dismissal or Abstention, or to Lift the Reference and Consolidate with Civil No. 10-14938;[1]

- Deny Christopher Hayes' Motion to Quash Service;

- Defer decision on Christopher Hayes Motion to Dismiss;

- Defer decision on the United States' Motion for Entry of Non-Final Default Judgment as to Paul G. Hayes; and

- Deny Christopher Hayes' Motion for Sanctions.

BACKGROUND

Defendants Christopher Hayes and Paul Hayes, brothers, were each 50% shareholders of
PC Landscaping Services, Inc. ("PC").  (Appeal Mtn. at 6, Doc. No. 1, Case No. 10-14952).
Defendants allegedly failed to pay employment and income taxes required to be withheld from
wages paid by PC from July 2006 through December 2008.  *Id*.  Under 26 U.S.C. § 6672, the IRS
assessed a $60,994 Trust Fund Recovery Penalty against both Christopher Hayes and Paul Hayes,
individually.  In 2010, the IRS applied $22,021 in overpayment credits from Christopher Hayes'
2008 and 2009 income taxes to the Trust Fund Recovery Penalty.  *Id*.

On June 2, 2010, Christopher Hayes filed a Chapter 7 bankruptcy petition.  *Id*. at 7.  The
IRS filed a proof of claim for $40,121.75 related to the unpaid Trust Fund Recovery Penalty.  *Id*.

---

[1] In its reply to the Court's Order to Reply to Debtor's Supplemental Response (Doc. No. 12, Case No. 10-14952, the Government withdrew its motion to withdraw the reference.  This motion is no longer at issue.

at 10.  On August 31, 2010, Christopher Hayes filed an adversary complaint seeking a declaration that he is not liable for the IRS debts incurred and also seeking a refund of the $22,021 pre-petition over-payments from his 2008 and 2009 income taxes that were applied to the Trust Fund Recovery Penalty.

On October 20, 2010, the Government filed a motion to dismiss Christopher Hayes' adversary proceeding, or in the alternative, to abstain from hearing the proceeding until the issue of Paul Hayes' liability is resolved.  *Id*. at 11.  On November 29, 2010, the bankruptcy court orally denied the Government's motion to dismiss the adversary proceeding.  *Id*. at 12.

The bankruptcy court granted Christopher Hayes a discharge on October 26, 2010, and in turn, terminated the automatic stay.  *Id*.  The Government subsequently filed a complaint with this Court on December 13, 2010, seeking to reduce to judgment the tax liabilities of both Paul Hayes and Christopher Hayes (Complaint, Doc. No. 1, Case. No. 10-14938).

Christopher Hayes filed a motion to dismiss and/or quash service on February 7, 2011 (Mtn. to Dismiss., Doc. No. 5).  The Government filed its response to the motion to dismiss on February 28, 2011 (Gov. Resp., Doc. No. 7).  On March 31, 2011, counsel for Christopher Hayes filed a motion for sanctions (Sanctions Mtn., Doc. No. 12).  Christopher Hayes filed a supplement to his motion to dismiss on April 20, 2011 (Supp., Doc. No. 16).

Paul Hayes has failed to appear in this case or respond to the Government's complaint. On April 22, 2011, the Government filed a motion for default judgment as to Paul Hayes (Mtn. for Default, Doc. No. 17).

Meanwhile, on December 14, 2010 the Government filed a motion for leave to file an interlocutory appeal seeking review of the bankruptcy court's decision denying the Government's

3

motion to dismiss Christopher Hayes' adversary proceeding (Appeal Mtn., Doc. No. 1, Case No.

10-14952).  Christopher Hayes filed his response to the Government's motion for leave to appeal

on December 29, 2010 (Appeal Resp., Doc. No. 4).

ANALYSIS

**A.    The Government's Motion For Leave To Appeal The Bankruptcy Court's Order**

The Court will first address the Government's motion for leave to appeal because the

issues discussed therein are materially related to all of the other motions pending in this case.

Christopher Hayes is challenging his liability of the non-dischargeable tax debts that he

allegedly owes to the IRS and is also seeking to recover the pre-petition overpayments that the

IRS credited to his debts.  In a motion to dismiss, the Government challenged the bankruptcy

court's jurisdiction over issues of liability concerning non-dischargeable debts as well as

Christopher Hayes' standing to file a complaint regarding the same.  At a hearing on November

29, 2010, the bankruptcy court orally denied the Government's motion to dismiss the adversary

proceeding, or in the alternative, to abstain from making a determination.  The bankruptcy court

stated:

> The jurisdiction of this Court -- of the Bankruptcy Court is to . . .
> determine matters that might conceivably have any impact upon the
> administration of the bankruptcy estate, and certainly included in that
> is a determination of the scope and extent of the debtor's discharge.
> The Court has jurisdiction over any matter related to the debtor's
> discharge and any debts which may be determined or which may be
> under applicable law nondischargeable following the bankruptcy case.
>
> The debtor has standing because the debtor has a clear interest in
> issues relating to the scope of the discharge that the debtor gets in the
> bankruptcy case.  In addition, it appears that there may also be
> standing arising from the debtor's claim of exemption here.

4

> On the issue of abstention, the Court concludes that because the
> issues that the complaint raises are so fundamental to the discharge,
> abstention is not appropriate even if the defendant here may be
> asserting the same or a similar claim against a third party in the
> District Court.  Accordingly, the motion is denied.

(Appeal Mtn., Ex. 1 at 10).

The bankruptcy court's order denying the Government's motion to dismiss or abstain is not a final order and thus the Government may only pursue an appeal under 28 § U.S.C. 158(a)(3), which provides that a district court has jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees" of the bankruptcy court.  28 U.S.C. § 158(a)(3).

Under 28 U.S.C. § 1292(b), a district court may hear an interlocutory appeal if "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation."  *In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006) (Hood, J.) (quoting *West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 293 F.3d 345, 350 (6th Cir.2002)).  Because interlocutory appeals "contravene the judicial policy opposing piecemeal litigation and the disadvantages of delay and disruption associated with it," *In re Am. Freight Sys., Inc.*, 194 B.R. 659, 661 (D. Kan. 1996), "[r]eview under § 1292(b) should be sparingly granted and then only in exceptional cases." *In re Wicheff*, 215 B.R. 839 at 844 (N.D. Ohio 2007).

**1.    The Government Has Failed To Establish That Substantial Ground for Difference Of Opinion Exists Regarding The Correctness Of The Decision.**

**a.    The Bankruptcy Court Has Jurisdiction Over Christopher Hayes' Adversary Proceeding.**

In this case, while issues relating to subject matter jurisdiction and standing are controlling question of law, the Government has failed to establish that substantial grounds for difference of opinion exist regarding the correctness of the bankruptcy court's decision. With respect to this second factor, the Government's main contention is that the bankruptcy court lacks subject matter jurisdiction to hear Christopher Hayes' adversary hearing.

First, the Government claims that Hayes' adversary proceeding does not implicate his discharge. (Appeal Mtn. at 19). The Government asserts that it has not waived its sovereign immunity in the adversary proceeding because Christopher Hayes is not challenging whether the tax is dischargeable, and the bankruptcy court's determination of Christopher Hayes' liability will be based on non-bankruptcy law. *Id*. at 20. Thus the Government contends that, because it has not waived sovereign immunity in the adversary proceeding, the bankruptcy court does not have jurisdiction to over the adversary preceding.

The Government ineffectually centers its argument around the non-dischargeability of Christopher Hayes' Trust Fund Recovery Penalty.[2] Neither party disputes that Christopher Hayes' tax debt is non-dischargeable. Rather, the bankruptcy court retained jurisdiction over Hayes' adversary proceeding because "[t]he [bankruptcy court] has jurisdiction over any matter

---

[2] The Government cites *Swain v. Dept. of Treasury*, 437 B.R. 549 (E.D. Mich.) in support of its argument that a substantial ground for difference of opinion exists with regard to the bankruptcy court's jurisdiction of the adversary proceeding at issue. The debtor in *Swain*, however, filed a no-asset Chapter 7 petition. *Id*. at 562. The court specifically found that the debtor's proceeding in bankruptcy court to determine the extent of her tax liability could not be related to the bankruptcy case because the outcome of the proceeding could not "conceivably have any effect" on the estate being administered. In this case, the estate has assets to administer among Christopher Hayes' creditors, and the outcome of the adversary proceeding will clearly effect the distribution of these assets.

6

*related* to the debtor's discharge and any debts which may be determined *or which may be under applicable law nondischargeable following the bankruptcy case*."  (Appeal Mtn., Ex. 1 at 10) (emphasis added).  In *In re Wolverine Radio Co.*, 930 F.2d 1132 (6th Cir. 1991), the Sixth Circuit held that a bankruptcy court has "related to" jurisdiction, under 28 U.S.C. §§ 1334(b), over an adversary proceeding that "could conceivably have *any* effect on the estate being administered in bankruptcy."  *Id.* (quoting *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984) (reversed on other grounds)).  The determination of the whether Hayes is liable for the tax debts is certainly related to his discharge in that it will effect how the estate's assets are distributed among creditors.

Moreover, the bankruptcy code is consistent with the bankruptcy court's grounds for retaining jurisdiction.  With regard to the Government's waiver of sovereign immunity, 11 U.S.C. § 106(a) provides that sovereign immunity is abrogated with respect to many enumerated code sections.  At the very least, this case implicates 11 U.S.C. § 505(a), which is one of the enumerated code sections under § 106(a).  Section  § 505(a) provides:

> [T]he court may *determine the amount* or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a) (emphasis added).

Additionally, § 106(b) provides:

> A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

11 U.S.C. § 106(b).

The Sixth Circuit has expressly stated that "[s]ection 106(a) waives the government's sovereign immunity with respect to proceedings listed in certain provisions of the bankruptcy code. One of these provisions is 11 U.S.C. § 505, which relates to the determination of tax liabilities." *In re Gordon Sel-Way, Inc.*, 270 F.3d 280, 284 (6th Cir. 2001); *See also In re White*, 92 B.R. 218 (W.D. Mich. 1988) (under § 505(a), the bankruptcy court had jurisdiction to determine whether debtor would incur post-petition tax liability).

Alternatively, under § 106(b), Hayes' adversary proceeding can brought as a permissible counterclaim. *In re Gordon*, 270 F.3d at 285. In this case, there is no dispute that the IRS filed a proof of claim against Christopher Hayes for unpaid tax debts. It is also undisputed that any funds recovered from the set-offs resulting from Hayes' tax overpayments, or funds that may become free if Hayes' is found not liable, would become property of the estate or free up additional property for the estate to be disbursed amongst creditors. Finally, Hayes' claim arises out of the same transaction or occurrence as the Government's claim. Both claims arise out of Hayes' alleged failure to pay the Trust Fund Recovery Penalty.

Second, the Government contends that § 7422(a) of the Internal Revenue Code requires Hayes to exhaust his administrative remedies before bringing an action to claim a tax refund on behalf of the estate. As stated above, however, § 106(b) explicitly allows a debtor to bring such a claim against the Government as a permissive counterclaim and § 505(a) states that a debtor may bring the claim "whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a).

Thus, the Government's argument that the bankruptcy court lacks jurisdiction because the

8

adversary proceeding lacks a "bankruptcy purpose" over non-dischargeable debts is off-base. Regardless of the dischargeability of the debts, the Government has abrogated its sovereign immunity and the bankruptcy court has jurisdiction to determine the extent of Hayes' tax liability under §§ 106(a) and 505(a), as well as under § 106(b).

      **b.**    **Christopher Hayes Has Standing To Bring His Adversary Complaint Before The Bankruptcy Court.**

To the extent that the Government is challenging Christopher Hayes' standing to file the adversary proceeding, the Government has also failed to show that there is substantial ground for difference of opinion.  The bankruptcy court stated, "The debtor has standing because the debtor has a clear interest in issues relating to the scope of the discharge that the debtor gets in the bankruptcy case." (Appel Mtn., Ex. 1 at 10).  This Court agrees.  Here, the parties do not dispute that the majority of the funds recovered as a result of adversary proceeding, if any, are property of estate and will be distributed among Hayes' creditors.  Regardless of any personal benefit that Hayes may receive as a result of a judgment by the bankruptcy court in his favor, the outcome of the proceeding is clearly related to the administration of the estate.

The Government further contends that Hayes lacks standing because a claim to determine tax liability may only be brought by a trustee pursuant to §505.  (Appeal Mtn. at 32).  In support of this theory, the Government relies only on *Monus v. Lambros*, 286 B.R. 629 (N.D. Ohio, 2002), aff'd, 63 Fed. Appx 215 (6th Cir. 2003), the facts of which are completely inapplicable to the instant case.  Contrary to the assertions of the Government, the Sixth Circuit has stated:

> [T]he legislative history indicates that § 505 was not intended to restrict the bankruptcy court jurisdiction to claims of trustees over property of the estate.  Rather, it 'authorizes the bankruptcy court to rule on the merits of *any* tax claim involving an unpaid tax, fine, or

> penalty relating to a tax, or any addition to a tax, of the debtor or the
> estate.

*In re Gordon*, 270 F.3d at 285; *see also In re Luongo*, 259 F.3d 323 (5th Cir. 2001).

In addition to having standing under § 505, Christopher Hayes has a further interest in outcome of the adversary proceeding because, as stated by the bankruptcy court, he may have an opportunity to claim an exemption for some of the funds recovered from his pre-petition tax overpayments.  For these reasons, the Government has failed to establish that substantial ground for difference of opinion exists regarding the bankruptcy court's determination that Christopher Hayes has standing to bring his adversary complaint.

### 2. An Immediate Appeal Will Not Materially Advance The Ultimate Termination Of The Litigation.

Even if the Government did establish that substantial ground for difference of opinion exists, an immediate appeal will not materially advance the ultimate termination of the litigation. Conversely, it would prolong the litigation by adding an unnecessary appeal.  Regardless of the outcome of an appeal by the Government, Christopher Hayes' tax liability will have to be determined by either the bankruptcy court or this Court.  Any further disbursement of the bankruptcy estate will be delayed in order for either court to determine Christopher Hayes' liability for the tax debt at issue.  Thus, allowing the Government to appeal the bankruptcy court's order denying the Government's motion to dismiss the adversary proceeding will simply result in an extra step of litigation and would not streamline any of the issues in this case.

Moreover, because the co-defendant in the collection action, Paul Hayes, has defaulted, a determination by this Court on Christopher Hayes' tax liability would be no more judicially economical than if the bankruptcy court heard the same claim.

10

3.      **The Bankruptcy Court Did Not Err By Denying The Government's Motion To Abstain.**

The Government also asserts that the bankruptcy court erred by refusing to abstain from the adversary proceeding.  Permissive abstention by a bankruptcy court is governed by, 28 U.S.C. § 1334(c)(1), which provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1); *see also In re Lowenbraun*, 453 F.3d 314, 320 (6th Cir. 2006).

Now that Paul Hayes has defaulted on the collection action before this Court, there is no concern for comity.  There is no longer any reason to litigate claims between Christopher Hayes and Paul Hayes in the same action.  For the same reasons discussed above, the Court finds that the bankruptcy court did not err by refusing to abstain from Hayes' adversary proceeding.

**B.      The Government's Motion For Entry Of Non-Final Default Judgment As To Paul Hayes**

As stated above, the Government seeks to reduce to judgment the unpaid tax liabilities of Paul Hayes and Christopher Hayes.  The Government seeks the recovery of the Trust Fund Recovery Penalty, under 26 U.S.C. § 6672, for the nonpayment of employee income, social security, and medicare taxes of PC Landscape Services, Inc., for the taxable periods ending June 30, 2007, through December 31, 2008.  Paul Hayes has not filed an answer or otherwise appeared in this action.  A Clerk's Entry of Default was entered on March 9, 2011.  (Doc. No. 11).  The Government subsequently filed a Motion for Entry of Non-Final Default Judgement as to Paul Hayes on April 22, 2011.

11

The amount owed by Paul Hayes, as of April 15, 2011, is $38,663.18. *Id*. at 2. Because the tax penalties are assessed to both Paul Hayes and Christopher Hayes for the same underlying debts of PC Landscape Services, Inc., Paul Hayes was credited for $4,709.61 from overpayment credits claimed by Christopher Hayes on his 2008 and 2009 income tax return.

Federal Rule of Civil Procedure 54 provides that, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). With respect to the claims against Paul Hayes, the Government's complaint requests "[j]udgment in favor of the plaintiff United Sates of America and against the defendant Paul G. Hayes... in the total amount of $40,970.38, plus statutory interest and additions accruing thereon from December 20, 2010." (Complaint at ¶ 14(1)).

In support of its motion, the Government submitted the declaration of Larry A. Hains, Advisor for the IRS in Traverse City, Michigan. (Mtn. for Default, Ex. 2). Mr. Hains states that he has personal knowledge of the amount of tax liability owed by Paul Hayes and that Paul Hayes is indeed liable for $38,663.18 under 26 U.S.C. § 6672. *Id*. Defendants have not filed any objections to Plaintiffs' motion or the affidavit.

In its motion for default judgment, the Government admits that the total of $40,970.38 was overstated due to a drafting error. The true amount owed as of December 10, 2010 is correctly stated in the Government's motion as $38,663.18.

The Government is not seeking relief different in kind or exceeding the amount demanded in the pleadings. The Government asserts – just as it did in its complaint – that the amount owed by Paul Hayes depends on the liability of Christopher Hayes. If Christopher Hayes is found to be not liable for the Trust Fund Recovery Penalty by either the bankruptcy court or

12

this Court, and he is entitled to recover the $4,709.61 credit, then Paul Hayes' liability would correspondingly increase.  As a result, the Government seeks a "non-final judgment" from this Court, subject to a revision after the claim against Christopher Hayes is resolved.  (Mtn. for Default, at 4).

At this point, the Government's motion for a default judgment against Paul Hayes is premature because the Government has not reduced his liability to a sum-certain amount.  After the extent of Christopher Hayes' liability is determined, the Government will be able determine the exact amount owed by Paul Hayes.  Moreover, because FED. R. CIV. P. 54 provides that an amount requested in a default judgment must not exceed the amount that is demanded in the pleadings, the Government may also be required to amend its complaint if Paul Hayes' liability exceeds the amount requested in the Government's complaint.

Therefore, rather than grant a "non-final" judgment against Paul Hayes, the Court shall order the Government to file an amended motion for default judgment upon the bankruptcy court's determination of Christopher Hayes' tax liability.  If the amount requested in the default judgment exceeds the amount requested in the Government's complaint ("$40,970.38"), the Government must also file an amended complaint prior to filing its amended motion for default judgment.

**C.     Christopher Hayes' Motion To Dismiss And/Or Quash Service**

**1.     The Government Properly Served Christopher Hayes.**

Christopher Hayes first contends that the Government failed to properly serve him. Christopher Hayes has been employed outside of the United States as a defense contractor since 2007 and asserts that he has only returned to the United States for brief periods since he began

13

his employment overseas. (Mtn. to Dismiss at 4). Prior to his employment as a defense

contractor, Christopher Hayes executed a broad power of attorney to his wife, Donna Hayes.

(Gov. Resp. at 10). On January 21, 2011, the Government served Christopher Hayes by leaving a

copy of the complaint and summons with Ms. Hayes at their permanent residence located at

23887 Pointe Drive, Macomb, Michigan. *Id*. at 11.

Hayes alleges that service was ineffective "given the circumstances of defendant's living

arrangements." (Mtn. to Dismiss at 5). Hayes, however, fails to elaborate on how the service

was ineffective. Assuming that Christopher Hayes is asserting that service was improper because

he is currently employed outside of the United States, Hayes' claim is without merit.

FED. R. CIV. P. 4(e) governs the service of individuals within a judicial district of the

United States, and provides:

> Unless federal law provides otherwise, an individual--other than a
> minor, an incompetent person, or a person whose waiver has been
> filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action
> > brought in courts of general jurisdiction in the state where the
> > district court is located or where service is made; or
>
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the
> > > complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling
> > > or usual place of abode with someone of suitable age
> > > and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized
> > > by appointment or by law to receive service of
> > > process.

14

FED. R. CIV. P. 4(e).

The Sixth Circuit has stated that rules governing service should be construed liberally when a defendant has received actual notice of the lawsuit. *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir. 1942). In this case, Christopher Hayes has received actual notice of the lawsuit and service was proper under FED. R. CIV. P. 4(e)(2)(B). Although Christopher Hays is employed outside of the United States, the property at 23887 Pointe Drive is considered Christopher Hayes' "usual place of abode" and Donna Hayes is someone of suitable age who resides at 23887 Pointe Drive. As the Government points out, Hayes listed the 23887 Pointe Drive property as his residence on his Chapter 7 bankruptcy schedules as recently as November 10, 2010. (Gov. Resp., Ex. 4, 5). Christopher Hayes also claimed an exemption under U.S.C. § 522(d)(1), the exemption for a debtor's residence, for the 23887 Pointe Drive property. *Id*.

Hayes' current employment outside of the United States does not change his usual place of abode for the purposes of service. Many courts have found that service is proper when made upon an individual of suitable age and discretion at a defendant's permanent residence even though a defendant may be temporarily living at a different address. *See Rovinski,* 131 F.2d at 689 (holding that defendant's mother's home in Michigan was defendant's usual place of abode where defendant's employment kept him away from Michigan and where he listed his mother's home as his legal residence); *S.E.C. v. Marino,* 29 Fed. Appx. 538 (10th Cir. 2002) (service proper where plaintiff left a copy of the summons and complaint with defendant's adult daughter at his home in Nevada, even though defendant was dwelling in Costa Rica at time, but returned when he had opportunity); *Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir. 1963) (finding service proper where plaintiff served summons and complaint on defendant's wife at his Maryland home

15

where his family lived even though defendant had purchased anther home and moved to Arizona).

Christopher Hayes does not allege that 23887 Pointe Drive is no longer his permanent residence and admits that he has returned to this address since he began employment as a defense contractor in 2007.  The Government has provided sufficient evidence to establish that Christopher Hayes maintains 23887 Pointe Drive as his permanent residence and can be considered his usual place of abode for purposes of service.

The Government also asserts that service was proper under FED. R. CIV. P. 4(e)(2)(C) because Donna Hayes is considered an "agent authorized by appointment or by law to receive service of process" as a result of the power of attorney granted by Christopher Hayes.  The power of attorney executed by Christopher Hayes does not explicitly permit Ms. Hayes to receive process.  (*See* Power of Attorney, Gov. Resp., Ex. 4).  Because service is proper under FED. R. CIV. P. 4(e)(2)(B), the Court need not imply such a power from the broad power of attorney vested in Ms. Hayes.

The Government properly served Christopher Hayes by leaving a copy of the summons and complaint with his wife at his home in Macomb, Michigan.  Therefore, the Court shall deny Christopher Hayes' motion to dismiss and/or quash service to the extent that Christopher Hayes is seeking to quash service.

### 2.    Christopher Hayes' Motion To Dismiss

Christopher Hayes also moves to dismiss the Government's complaint in which the Government seeks to reduce to judgment the Trust Fund Recovery Penalty attributed to Christopher Hayes in the amount of $38,227.18.  Hayes alleges that he was not present in the

16

territorial boundaries of the United States and that he had no active involvement in PC Landscaping Services, Inc. during the periods for which the Government seeks to recover the Trust Fund Recovery Penalty.  (Mtn. to Dismiss at 7).  Hayes also states that the Government failed to provide calculation data from which it determined the amount owed and also failed to apply $35,000 in payments made by Hayes in 2006 and 2007.

Additionally, Christopher Hayes contends that, for the same reasons discussed in Part A, *supra*, the suit filed before this Court is substantially the same as the adversary proceeding that is currently before the bankruptcy court.  In response, the Government raises the same issues regarding jurisdiction and judicial economy that have been already addressed with regard to its motion for leave to appeal.

Although it appears that the adversary proceeding and the Government's collection claim are substantially the same, counsel for Christopher Hayes does not provide any authority for why the action before this Court should be dismissed as a result of the declaratory action before the bankruptcy court.

Because the adversary proceeding is seeking declaratory relief, the Court shall defer judgment on Hayes' motion to dismiss the Government's collection claim.  The adversary proceeding is currently in the final stages of discovery, and the bankruptcy court has yet to issue a final order on the merits.  After the bankruptcy court's issues a ruling on the adversary proceeding, the Government may amend its pleadings and proposed judgments accordingly.

**E.      Christopher Hayes' Motion For Sanctions.**

Finally, Christopher Hayes requests that the Court issue sanctions against the United States Department of Treasury and its counsel, James E. Brown.  Counsel for Hayes, Thomas

17

Budzynski, asserts the Government has acted with the intent to harass Hayes by filing claims before this Court arising out of the same facts and circumstances as the adversary proceeding before the bankruptcy court and taking actions to initiate pre-judgment garnishment.  (Mtn. for Sanctions at 1-2).  Mr. Budzynski alleges that these actions amount to a violation of Fed. R. Civ. P. 11(b)(1) and requests an amount equal to the claim against Hayes, the amount set-off by the Government from Hayes' tax returns, and $15,000 in attorney fees.  *Id.* at 2-3.

The Government filed a response to Mr. Budzynski's motion, and also requests relief under Fed. R. Civ. P. 11(c)(1).  *Id.* at 15.

The Government denies that its claims are frivolous or have been made with the intent to harass, and states that counsel for Government was previously unaware of the IRS's issuance of a notice of intent to levy against Christopher Hayes.  Additionally, the Government accuses Mr. Budzynski of his own actions with intent to harass,[3] asserting that Mr. Budzynski has made reckless factual allegations and failed to support any of his legal positions in his motion for sanctions.  The Government also points to Mr. Budzynski's history of filing "frivolous" motions for sanctions with a number of other courts.  (*See* Sanction Resp., Ex. 2 at 14-20).  As a result, the Government requests that the Court award the Government its expenses in defending the motion for sanctions, and "an admonishment that if Mr. Budzynski persists in his habit of lashing out recklessly at this opponents or their attorneys, he will be met with a stiffer sanction next time."  *Id.* at 20.

Rule 11 requires that, to the best of an attorney's "knowledge, information, and belief,

---

[3]The Government notes that Mr. Budzynski has filed a similar motion for sanctions with the bankruptcy court.

18

formed after an inquiry reasonable under the circumstances," a complaint submitted to the court "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that the "claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." FED. R. CIV. P. 11(b).  If an attorney or a party violates these requirements, the district court has the discretion to impose sanctions.  FED. R. CIV. P. 11(c)(2); *Tropf v. Fidelity Nat. Title Ins. Co.,* 289 F.3d 929, 939 (6th Cir. 2002).

The Court finds that sanctions are not warranted in this matter.  It does not appear that the Government's filings were made with intent to harass.  While the Government will not succeed on the merits of its motion for leave to appeal, the motion was originally filed, along with the collection action, with the legitimate interest of consolidating the litigation against Christopher Hayes and Paul Hayes.

Furthermore, Mr. Budzynski failed to serve the Government with the motion for sanctions 21 days before filing it, as required by Fed. R. Civ. P. 11(c)(2).  Despite Mr. Budzunski's claims that his notice of intent to file sanctions would be ignored, the Sixth Circuit requires "strict adherence" to the Rule 11(c)(2) 21-day safe harbor.  *Uszak v. Yellow Transp. Inc.*, 343 Fed.Appx. 102, 108 (6th Cir. 2009); *see also Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir.1997).  Therefore, the shall Court deny Christopher Hayes' motion for sanctions.

As the Court stated at the June 2, 2011 hearing, if the Government seeks to recover the costs and fees related to defending against Mr. Budzynski's motion for sanctions, or if the Government seeks any other sanctions against Mr. Budzynski, the Government may file a

separate motion for sanctions with a brief in support.[4]

CONCLUSION

For the reasons set forth above, the Court **DENIES** the Government's motion for leave to file an interlocutory appeal (Doc. No. 1, Case No. 10-14952).

The Court **DEFERS DECISION** on the Government's motion for default judgment as to Paul Hayes (Doc. No. 17, Case No. 10-14938) until after the bankruptcy court rules on Christopher Hayes' adversary proceeding and determines the extent of Christopher Hayes' liability for the Trust Fund Recovery Penalty. It is **FURTHER ORDERED** that, if necessary, the Government shall amend its complaint (Doc. No. 10-14938) and/or its motion for default judgment **within 14 days** after the bankruptcy court's determination, in order to reflect the actual amount owed by Paul Hayes. If the Government's motion for default judgment as to Paul Hayes requests an amount that exceeds what is demanded in the pleadings, the Government must amend its complaint to comply with FED. R. CIV. P. 54(c).

The Court **DENIES** Christopher Hayes' motion to quash service (Doc. No. 5, Case No. 10-14938).

The Court **DEFERS DECISION** on Christopher Hayes' motion to dismiss (Doc. No. 5, Case No. 10-14938) until after the bankruptcy court rules on Christopher Hayes' adversary proceeding and determines the extent of Christopher Hayes' liability for the Trust Fund Recovery Penalty. Accordingly, it is **ORDERED** that, **within 14 days** after the bankruptcy court's ruling on Christopher Hayes' adversary proceeding, Christopher Hayes must file a supplemental brief,

---

[4] On June 16, 2011, the Government filed a notice in which it withdrew its original request for expenses that it included in its response to Mr. Budzynski's motion for sanctions.

no longer than 5 pages, discussing the bankruptcy court's determination and stating why this Court should grant his motion to dismiss.  It is **FURTHER ORDERED** that the Government shall file a response to Christopher Hayes' supplemental brief, no longer than 5 pages, **within 7 days** of Christopher Hayes filing his supplemental brief.

The Court also **DENIES** Christopher Hayes motion for sanctions (Doc. No. 12, Case No. 10-14938).

**IT IS SO ORDERED.**

S/Sean F. Cox
_____
Sean F. Cox
United States District Judge

Dated:  June 22, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
_____
Case Manager

21